1  **BLUMENTHAL & NORDREHAUG**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6    Walter Haines (State Bar #71705)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9  Attorneys for Plaintiffs

10
                    **UNITED STATES DISTRICT COURT**
11
                    **SOUTHERN DISTRICT OF CALIFORNIA**
12

13 | LEE WISE, an individual; MICHAEL DIAZ, an individual; on behalf of themselves, and on behalf of all persons similarly situated, | CASE No. **08cv2315 - LAB - (CAB)** |

LEE WISE, an individual; MICHAEL DIAZ, an individual; on behalf of themselves, and on behalf of all persons similarly situated,

   CASE No. **08cv2315 - LAB - (CAB)**

   PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: JURISDICTION

   Plaintiff,

   vs.

   CUBIC DEFENSE APPLICATIONS, INC., a California Company; CUBIC CORPORATION, a Delaware Corporation; CUBIC APPLICATIONS, INC., a California Company; CUBIC DEFENSE APPLICATIONS GROUP; and Does 1 to 10,

   Defendants.

---

1

PLAINTIFFS' MEMORANDUM IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: JURISDICTION
Case No.: 08cv02315

Plaintiffs Lee Wise and Michael Diaz ("Plaintiffs"), respectfully submit this memorandum of points in authorities in response to the Court's Order to Show Cause re: Jurisdiction, dated December 22, 2008.

## INTRODUCTION

Plaintiffs filed this action on behalf of themselves and other similarly situated employees alleging that the Defendants engaged in illegal employment practices in violation of state and federal law. Plaintiffs allege that the Defendants improperly classified Plaintiffs and other similarly situated employees as "exempt" from overtime laws, when in fact, they are not "exempt" under either the Fair Labor Standards Act ("FLSA") or the California Labor Code. As a result of this illegal misclassification, Plaintiffs allege that employees like themselves were denied overtime compensation.[1] The central issue in this litigation is therefore whether the Plaintiffs and other similarly situated employees are "exempt" or "non-exempt" employees under FLSA, and the nearly identical California exemption laws. Employees are presumed to be non-exempt. The Defendants bear the "burden of showing that the exemption applies" with exemptions being "narrowly construed against . . . employers." Bothell v. Phase Metrics, Inc., 299 F.3d 1120, 1124 (9th Cir. 2002).

Plaintiffs' action was filed in federal court because this Court has original jurisdiction over the nationwide FLSA claims pursuant to federal question jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction over the related state law claims. (Complaint at ¶44). 29 U.S.C. § 216(b) expressly authorizes the FLSA claim to be filed in Federal Court. The federal claim and the state law claims are all part of the same case or controversy involving the Defendants' employment classification practices, and therefore, supplemental jurisdiction over the related state law claims is proper under 28 U.S.C. § 1367(a).

The Complaint does not allege federal jurisdiction under the Class Action Fairness Act

---

[1] This illegal misclassification also resulted in the failure of Defendants to provide timely payment of overtime wages, to provide the required meal and rest breaks, and to provide accurate wage statements.

("CAFA"), because, as the Court's Order correctly notes, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are, we believe, citizens of California, and the Defendants are also believed to be residents of California.

## ORIGINAL JURISDICTION

Plaintiffs' Complaint alleges a federal claim under FLSA, which provides a settled basis for original federal jurisdiction. *See* 29 U.S.C. § 216(b); Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694 (2003) ("There is no question that Breuer could have begun his [FLSA] action in the District Court"); Dent v. Cox Communs. Las Vegas, Inc., 502 F.3d 1141, 1143 (9th Cir. 2007).

In Weltman v. Ortho Mattress, Inc., 2008 U.S. Dist Lexis 60344 (S.D. Cal. 2008), Judge Miller addressed this identical situation in the context of a Rule 12(b)(1) motion to dismiss by the Defendant. There, the defendant argued that jurisdiction did not exist "because Plaintiff's underlying claims are based on alleged violations of the California Labor Code, which are also pled as violations of the FLSA." Id., at *6. In denying the motion to dismiss, Judge Miller held as follows:

> Federal jurisdiction over this claim is expressly authorized under 29 U.S.C. § 216(b), which states that an action against an employer who violates § 206 or § 207 may be brought in 'any Federal or State court of competent jurisdiction.' The Ninth Circuit Court of Appeals recently confirmed this express authorization of jurisdiction in Dent v. Cox Communications Las Vegas, Inc., 502 F.3d 1141 (9th Cir. 2007). In Dent, plaintiff alleged violations of the FLSA, 29 U.S.C. §§ 201-219, as well as Nevada state law. Plaintiff claimed that he was entitled to unpaid overtime wages under the FLSA and other wage payments under Nevada state law. Id. at 1143. The court held that jurisdiction in federal district court was proper under 28 U.S.C. § 1331 and § 1367. Id. **As in Dent, here, Plaintiff alleges violations of the FLSA and state law. The court, therefore, clearly has original jurisdiction over the instant action under 29 U.S.C. § 216.**

Weltman, supra, at *6-*7.[2]

> **Moreover, this court has supplemental jurisdiction over Plaintiff's state law claims within the meaning of 28 U.S.C. § 1367(a).** See United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

Weltman, supra, at*7.

---

[2] Unless otherwise indicated, all emphasis added and internal citations omitted.

Therefore, in this case, as in <u>Weltman</u> and <u>Dent</u>, this Court respectfully has original jurisdiction over the action.

## **SUPPLEMENTAL JURISDICTION**

**A.    A Definite Ruling Regarding the Exercise of Supplemental Jurisdiction Should Not Be Delayed**

The Court's Order indicates that supplemental jurisdiction over the state law claims may be declined by the Court because "the California claims predominate." (Order at page 1). Further, the Court notes that this is merely an initial screening and "further scrutiny" may occur later. (Order at page 3). Quite understandable, this position is of the utmost concern to Plaintiffs, who intend to aggressively litigate their claims in this Court. In the event supplemental jurisdiction is declined at a later date by this Court, Plaintiffs would have to then re-file in the state court.

Because of this language in the Order, Plaintiffs respectfully submit that the issue of whether the Court will exercise supplemental jurisdiction should be decided now, rather than later, before any significant litigation on the state claims ensues in this Court. If supplemental jurisdiction is declined, Plaintiffs will immediately file a state law action in San Diego Superior Court, alleging only state law claims, and not FLSA claims, so that federal claims will proceed in this Court and state claims will proceed in state court. Absent a firm decision regarding supplemental jurisdiction at this time, Plaintiffs will have to evaluate their options and proceed as they deem appropriate.

**B.    Plaintiffs' Contend that Supplemental Jurisdiction Is Proper**

Plaintiffs filed the state law claims with the federal claims in this Court because the weight of authority clearly provides that there is supplemental jurisdiction over the state law claims in this action. As held by the United States Supreme Court, where "there is no basis for dismissal on abstention grounds, federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them by the coordinate branches of government and

4

duly invoked by litigants." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976).

"Although the district courts may not exercise jurisdiction absent a statutory basis, it is well established--in certain classes of cases--that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Mine Workers v. Gibbs, 383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). As noted by the Third Circuit Court of Appeals in Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995), "when the same acts violate federal and state laws, the common nucleus of operative facts is obvious and **federal courts routinely exercise supplemental jurisdiction over the state law claims**." *See also* New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1509 (3d Cir. 1996) ("By its language § 1367(a) confers jurisdiction in mandatory terms to include those cases 'which form part of the same case or controversy under Article III of the United States Constitution'"); McCoy v. Webster, 47 F.3d 404, 406 n.3 (11th Cir. 1995) ("Section 1367(a) requires the district court to exercise supplemental jurisdiction over claims which are closely related to claims over which the district court has original jurisdiction."); Executive Software N. Am. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 24 F.3d 1545, 1555 (9th Cir. 1994) ("By use of the word 'shall,' the statute makes clear that if power is conferred under section 1367(a), and its exercise is not prohibited by section 1367(b), a court can decline to assert supplemental jurisdiction over a pendent claim only if one of the four categories specifically enumerated in section 1367(c) applies.")

State law claims are part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citations omitted). In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." Executive Software N Am., Inc. v.

United States Dist. Court, 24 F.3d 1545, 1557-58 (9th Cir.1994).

The instant case alleges a misclassification practice of the Defendants with respect to Plaintiffs and other similarly situated employees which is the predominate issue in the case. The legality of the Defendants' classification of these employees as "exempt" will control the outcome of the various claims. If the classification of these employees as "exempt" is held to be improper under FLSA, then all of the remedies under FLSA and state law will follow from that conclusion.[3] With respect to the "exempt" classification under state law, in this case, California law follows FLSA. See 8 C.C.R. 11040 (A)(2)(f) ("The activities constituting exempt work and non-exempt work shall be construed in the same manner as such terms are construed in the following regulations under the Fair Labor Standards Act"). Thus, Plaintiffs contend that under the settled standards for supplemental jurisdiction, the state law claims in this case share a "common nucleus of operative fact" with the federal claim with respect to the exemption classification, and are therefore part of the same case and controversy under 28 U.S.C. §1367(a).

The majority of courts in the Ninth Circuit which have addressed this issue agree that the Court should exercise supplemental jurisdiction over the state law claims. In Dent, the district court dismissed the FLSA claim and declined to exercise supplemental jurisdiction over the state law claims. Dent, supra, 502 F.3d at 1142-3. In reversing the district court, the Court of Appeals held:

> This case arises under the FLSA, 29 U.S.C. §§ 201-19, as well as Nevada state law. **Jurisdiction in federal district court was proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.**

Id., at 1143.

As previously discussed, Judge Miller in Weltman, relied on Dent to hold in an identical situation that "this court has supplemental jurisdiction over Plaintiff's state law claims within

---

[3] This is because non-exempt employees are entitled to overtime compensation and other statutory requirements which were not provided by Defendants. Thus, the exemption practice of the Defendants is the predominate issue which determines the result of all claims asserted.

the meaning of 28 U.S.C. § 1367(a)." Weltman, supra, 2008 U.S. Dist. Lexis 60344, at *7.

In Silverman v. SmithKline Beecham Corp., 2007 U.S. Dist. Lexis 80035 (C.D. Cal. 2007), the district court addressed the issues of whether the state law claims can be brought in the same action as FLSA claims, and if so, whether the court should decline supplemental jurisdiction over the state law claims. Id., at *2. In denying the motion to dismiss, the court ruled as follows:

> Congress certainly intended for FLSA collective actions to proceed on an opt-in basis; but there is no indication that Congress intended to limit the scope of supplemental jurisdiction over other claims arising out of the same case or controversy. **Opt-out state law class claims do not somehow alter the treatment of the FLSA claims simply by being in the same lawsuit.**

Id., at *4.

In finding supplemental jurisdiction, the court explained:

> As to section 1367(a), everything currently before the Court indicates that the federal FLSA claim and the state law claims arise from a common nucleus of operative fact. Most, if not all, of the federal and state 'Claims share the dispositive question of whether the GSK representatives were properly classified as exempt employees. Certainly some of the state law claims may require consideration of facts that are not relevant to the FLSA claim and perhaps vice-versa. This does not mean that the federal and state law claims arise from a different nucleus of operative fact, but that some details are relevant to some claims and not to others.

Id., at *9.

Similarly, in Lindsay v. Government Employees Ins. Co., 448 F.3d 416 (U.S. App. D.C. 2005), the D.C. Court of Appeals addressed the argument as to whether courts were precluded from exercising supplemental jurisdiction over class actions predicated on state wage and hour violations. The Court in Lindsey reversed the district court's supplemental jurisdiction ruling, and held:

> Here, the complaint alleged that members of both classes performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer. **It is clear to us that the two claims "derive from a common nucleus of operative fact" and thus form part of the same Article III case or controversy.**

Id., 448 F.3d at 424.

Indeed, the Court in Lindsey noted that state wage and hour claims are "not novel or complex" and that state class claims which "essentially replicate the FLSA claims" do not predominate,

within the meaning of section 1367(c).

In <u>Mincy v. Staff Leasing</u>, 100 F.Supp. 2d 1050 (D. Az. 2000), the district court expressly rejected the argument that state law wage claims predominated over the FLSA claim. "Federal courts are reluctant to remand state claims, once they obtain original jurisdiction based upon federal question, where all the claims derive from the same set of facts." <u>Id.</u>, at 1053. **As a result, the court in <u>Mincy</u> concluded that where "all claims arise from the same set of facts, and the state law causes of action are not novel or complex, the state law claims do not predominate the federal claim."** <u>Id.</u>, at 1054. This holding is equally applicable here.

Plaintiffs maintain that these line of decisions should appropriately be followed in this case. See also <u>Tomas De Paz-Escobar v. Muskevitsch</u>, 561 F.Supp. 2d 1209, 1212-1213 (D. Ore. 2008) (court exercises supplemental jurisdiction over state wage and hour claims because "none of the exceptions to supplemental jurisdiction apply"); <u>Yapuna v. Global Horizons Manpower, Inc.</u>, 2007 U.S. Dist. Lexis 6441 (E.D. Wa 2007) (finding that supplemental jurisdiction was proper over state law claims).

Plaintiffs research, however, has uncovered a few decisions to the contrary. In <u>Wiley v. Trendwest Resorts</u>, 2005 U.S. Dist. Lexis 35568 (N.D. Cal. 2005), the district court remanded certain state law claims while retaining jurisdiction over two of the state law claims. <u>Wiley</u> is distinguishable in that the remanded claims in <u>Wiley</u> involved restitution of charge-backs, unjust enrichment, and a failure to reimburse employee expenses in violation of Labor Code 2802, which claims do not turn on the resolution of the "inside salesperson" exemption. <u>Id.</u>, at *2. Notably, <u>Wiley</u> expressly retained jurisdiction over the two state law claims that were intertwined with the FLSA exemption issue. <u>Id.</u>, at *8.

Similarly, in <u>Felix de Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301 (3rd Cir. 2003), the Court explained that while there was supplemental jurisdiction over state law wage claims under section 1367(a), the district court should have declined supplemental jurisdiction over the state-law claims because "the inordinate size of the state-law claim" and "the different terms of proof required by the implied contract state-law claim" suggested that the "federal action is an appendage to the more comprehensive state action." <u>Id.</u>, at 312. As a result, the Court

concluded that supplemental jurisdiction over the predominating state law claims should have been declined under section 1367(c).[4]

Therefore, Plaintiffs welcome this Court's early inquiry and respectfully submit that this Court should decide the issue of supplemental jurisdiction now, rather than later, to avoid the inefficiency of a dismissing state law claims after significant litigation has occurred. By holding now which line of authority this Court intends to follow, the parties can efficiently and timely litigate the state claims in either this Court or in state court, with the FLSA claims remaining in this Court.

## **CONCLUSION**

Plaintiffs respectfully request that the Court rule on the issue of supplemental jurisdiction so that Plaintiffs can proceed with certainty in either this Court or in state court. In so doing, Plaintiffs respectfully submit that the great weight of authority grants this Court original jurisdiction over the action pursuant to 29 U.S.C. § 216, and supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a), so as to allow Plaintiffs to certify a Rule 23 California class action for the state law claims and a collective class for the nationwide FLSA claim.

Dated:  December 23, 2008          BLUMENTHAL & NORDREHAUG

By: _/s/ Norman B. Blumenthal_
    Norman B. Blumenthal
    Attorneys for Plaintiffs

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047

---

[4] The Court should note that even if the statutory condition of "substantial predomination" were triggered here, the Court would still have to weigh the "economy, convenience, fairness, and comity" of declining supplemental jurisdiction. Executive Software, supra, 24 F.3d at 1557.

## **CERTIFICATE OF SERVICE**

I hereby certify that the following document(s):

(1) PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: JURISDICTION

has been sent via U.S Mail on today's date to the Defendants at the following address(es):

Cubic Defense Applications, Inc., Cubic Corporation, Cubic Applications, Inc., Cubic Defense Applications Group
   c/o CT CORPORATION
     818 WEST SEVENTH ST
     LOS ANGELES, CA 90017
(*Registered Agent for Defendants*

Dated: December 23, 2008     By:     */s/ Norman B. Blumenthal*
                                         Norman B. Blumenthal
                                         Attorneys for Plaintiffs