1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
LEE WISE, an individual; MICHAEL
DIAZ, an individual; on behalf of
12
themselves, and on behalf of all persons
similarly situated,
13

14
            vs.

15
CUBIC DEFENSE APPLICATIONS,
INC., a California Company; CUBIC
16
CORPORATION, a Delaware
Corporation; CUBIC APPLICATIONS,
17
INC., a California Company; CUBIC
DEFENSE APPLICATIONS GROUP;
18
and DOES 1 to 10,

19
                                     Defendants.

CASE NO. 08cv2315-LAB (CAB)

**ORDER RE: JURISDICTION**

                              Plaintiffs,

20

21   **I.      Introduction**

22            In an order entered on December 22, 2008, the Court ordered Plaintiffs to show cause

23   why their state law claims in this case should not be dismissed for lack of jurisdiction.

24   Plaintiffs responded with a memorandum of points and authorities the following day.

25   Although the Court specified in its order to show cause that no subsequent order would issue

26   "except to dismiss claims or order further briefing," the Court advised the Magistrate Judge

27   assigned to this case to continue an Early Neutral Evaluation Conference while it considered

28   the jurisdictional issues it ordered briefing on.  Apparently, this generated some confusion,

1  and so the Court now issues this Order to confirm that it will retain jurisdiction over the state

2  law claims in this case.

3  **II.     Analysis**

4  The Court has never doubted that it has original jurisdiction over Plaintiffs' Fair Labor

5  Standards Act claim.  It plainly does under 28 U.S.C. § 1331, and 28 U.S.C. § 216(b) allows

6  that an action brought against an employer for violating § 206 or § 207 may be brought in

7  "any Federal or State court of competent jurisdiction."

8  The Court was initially under the impression that Plaintiffs believed, problematically,

9  that the Court had jurisdiction over the entire action under the Class Action Fairness Act

10  ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiffs have made clear this is not so.  Rather, their

11  position is "[t]he federal claim and state law claims are all part of the same case or

12  controversy involving the Defendants' employment classification practices, and therefore,

13  supplemental jurisdiction over the related state law claims is proper under 28 U.S.C. § 1367."

14  The Court agrees – and respects the Plaintiffs' request that it resolve the supplemental

15  jurisdiction question up front "to avoid the inefficiency of dismissing state law claims after

16  significant litigation has occurred."

17  In assuming supplemental jurisdiction over the state law claims in this case, the Court

18  is persuaded by Weltman v. Ortho Mattress, Inc., 2008 U.S. Dist Lexis 60344 (S.D. Cal.

19  2008). On a very similar set of facts, the court in Weltman retained jurisdiction over a FLSA

20  claim and related state law claims.  The Court also finds persuasive the Ninth Circuit's

21  holding in Dent v. Cox Communs. Las Vegas, Inc., 502 F.3d 1141, 1143 (9th Cir. 2007), cited

22  by both Weltman and the Plaintiffs in their memorandum to the Court.

23  //

24  //

25  //

26  //

27  //

28  //

**III.     Conclusion**

The Court will retain jurisdiction over all claims in this case.  The parties are ordered to contact the assigned Magistrate Judge's chambers to reschedule the Early Neutral Evaluation Conference.

**IT IS SO ORDERED**.

DATED: February 11, 2009

**HONORABLE LARRY ALAN BURNS**
United States District Judge