UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WISE, an individual; MICHAEL DIAZ, an individual; on behalf of themselves, and on behalf of all persons similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>CUBIC DEFENSE APPLICATIONS, INC., a California Company; CUBIC CORPORATION, a Delaware Corporation; CUBIC APPLICATIONS, INC., a California Company; CUBIC DEFENSE APPLICATIONS GROUP; and Does 1 to 10,<br><br>             Defendants. | CASE No. **08 cv 2315 - LAB - (CAB)**<br><br>ORDER APPROVING CLASS SETTLEMENT AND DISMISSING THE CLASS ACTION WITH PREJUDICE<br><br>Hearing Date:  April 12, 2010<br>Hearing Time: 11:15 a.m.<br><br>Judge:       Hon. Larry A. Burns<br><br>Magistrate Judge:<br>             Cathy Ann Bencivengo<br><br>Action filed December 12, 2008 |

   This matter having come before the Court for hearing, pursuant to the order of this Court dated December 11, 2009, on the application of the Plaintiff for final approval of the settlement set forth in the Settlement Agreement ("Agreement").  Due and adequate notice having been given to the Class as required in said order, and the Court having considered all papers filed and proceedings conducted in this action and otherwise being fully informed and good cause appearing therefor,

//

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Federal Rules of Civil Procedure, rule 23 and due process, the Court hereby finally approves the settlement set forth in the Agreement and finds that such settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court further finds that the Agreement and settlement set forth therein were entered into in good faith following arms length negotiations and is non-collusive.

4. The Settlement Class consists of the following:

> "All current and former employees of Cubic Applications, Inc., who were employed in California and paid as salaried exempt during any portion of the period of December 14, 2004 through December 11, 2009(the "Settlement Period") and who held either or both of the following job classifications: Analyst II, Training and Development Specialist II."

5. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

6. With respect to the Settlement Class Members, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class Members; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      7.     This action is hereby dismissed with prejudice as to Plaintiffs and all Settlement Class Members.  Upon approval of the settlement and entry of this Order, Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Order, shall have fully and finally released any and all Released Claims as to the Released Parties.

      8.     This action is hereby dismissed without prejudice as to all actions, complaints, and claims arising out of or related to any of the actions, omissions or events complained of in the Complaint insofar as they relate to Cubic employees who worked outside of California.

      9.     The Court finds that the Notice provided to the Settlement Class Members were the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the Notice fully satisfies the requirements of the Federal Rules of Civil Procedure, rule 23, due process and any other applicable laws.

     10.     Any order regarding the application for Class Counsel's attorneys' fees and Plaintiffs' incentive fee shall in no way disturb or affect this Order and shall be considered separate from this Order.

     11.     Without affecting the finality of this Judgment and Order in any way, this Court hereby retains continuing jurisdiction over, <u>inter alia</u>:  (a) interpretation, implementation and enforcement of the settlement and the payments to be made under the settlement; (b) the hearing and determination of applications for Class Counsel's attorneys' fees and costs and Plaintiffs' incentive award; and (c) the enforcement and administration of the Agreement.

**IT IS SO ORDERED.**

DATED: April 15, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge